## Grim v. West Publishing Corporation

*Robert P. Grim,* pro se.
*Andrew Schwartz,* for defendant.

SPRECHER, *J.,* August 4, 2008—Plaintiff appeals the order dated May 30, 2008, which granted defendant's motion for judgment on the pleadings. This opinion is filed pursuant to Pa.R.A.P. 1925.

## FACTS

Plaintiff, Robert P. Grim, Esquire, filed a complaint in equity against defendant, West Publishing Corporation. The complaint alleges that plaintiff met with defendant's sales representative regarding a change to plaintiff's account with defendant to add defendant's internet research program, Westlaw. It is also alleged that this salesperson had represented that Westlaw would be able to provide plaintiff with the necessary research materials and forms that he needed to practice real estate law, banking, wills, trusts and estate law. It is further alleged that the salesperson also had recommended that plaintiff cancel his subscriptions to various competing publications because all of the needed information would be accessible to plaintiff.

Plaintiff signed a subscription agreement with defendant for 36 months. He alleged that he had cancelled several subscriptions which he had maintained since 1969. After signing the contract, plaintiff alleged that he had learned that defendant did not have the forms and publications that he needed.

Plaintiff alleged that at a meeting on December 18, 2006, defendant's representative had admitted that

defendant could not supply plaintiff with the necessary forms and had acknowledged that there was no guarantee that all the forms and information needed to replace the cancelled subscriptions could be supplied even if plaintiff purchased additional and more expensive Westlaw packages.

Plaintiff asserts in his complaint that defendant defrauded him. He paid defendant $6,473.43 from August 2005 through November 2006, for charges for a program that was useless to him. Plaintiff stopped paying for Westlaw in November 2006. However, he continued to pay for Westlaw publications. Defendant, nevertheless, sent plaintiff a notice of service termination of the publications due to his refusal to pay the Westlaw fees. Plaintiff contends that it will cost him $7,000 to bring his library current and that he is unable to practice law effectively due to the cancellation of all of his print services.

Defendant filed an answer with general denials and new matter. The new matter contains the following allegations:

(1) Plaintiff has failed to state a claim upon which relief may be granted.

(2) This court lacks proper subject matter jurisdiction.

(3) Plaintiff agreed to the terms set forth in the Westlaw order form and West subscriber agreement, which provide that Minnesota law governs disputes arising under the agreement between plaintiff and defendant.

(4) Pursuant to the Westlaw order form and West subscriber agreement, a Minnesota court shall have exclusive jurisdiction over any claim and disputes arising under the agreement.

(5) This court lacks proper venue over this action under the subscriber agreement.

(6) Plaintiff's remedy, if any, is governed exclusively by the terms and conditions of the subscriber agreement between the parties.

(7) Any damages alleged by plaintiff, which damages are specifically denied, arise out of the affirmative actions and/or omissions of plaintiff and/or persons over whom defendant has no control or right of control.

(8) Plaintiff's equitable claims are barred by the doctrine of unclean hands.

(9) Plaintiff's equitable claims are barred by laches, waiver, payment and estoppel.

(10) Plaintiff continually used Westlaw services pursuant to the terms and conditions of the subscriber agreement, but has refused and continues to fail and refuse to pay for them.

On April 25, 2008, defendant filed a motion for judgment on the pleadings and a praecipe for argument for May 19, 2008. Plaintiff did not file any response. On May 30, 2008, this court granted defendant's motion and dismissed plaintiff's complaint. Plaintiff filed the instant appeal.

## ISSUES

Plaintiff raises the following issues in his concise statement of errors complained of on appeal:

(1) The trial court committed an error of law by granting judgment on the pleadings without argument. The defendant, in violation of B.R.C.P. 1034(a)(1) filed a praecipe for argument on April 25, 2008, requesting that the motion be listed for argument on May 19, 2008, when the earliest allowable date for argument would have been May 20, no earlier than 24 days from the date of filing. Because the case was erroneously listed for argument, plaintiff was not required to file a brief pursuant to B.R.C.P. 1034(a)(3), but did file a brief ultimately on June 12, 2008. Contemporaneous with the court's entry of judgment on the pleadings, counsel for the parties were negotiating a settlement, and the motion for judgment on the pleadings had been deferred by written agreement.

(2) Judgment on the pleadings should not have been entered in the case because:

"(A) West Publishing's answer essentially admitted the facts in plaintiff's complaint, pleaded no facts in its defense or, at the very least, raised issues of fact which could only be resolved by a fact-finder. The lower court should have entered judgment for plaintiff on his cross-motion for judgment on the pleadings.

"(B) The lower court's use of defendant's subscriber agreement that had not been attached to any pleading is error. Factual materials in its brief should not have been considered.

"(C) Defendant cannot claim the protection of a merger clause in a contract where plaintiff's action is for fraud in inducing its execution."

## DISCUSSION

This court shall address plaintiff's issues seriatim. Plaintiff's first complaint is that this court committed an error of law by granting judgment on the pleadings without argument. This contention is without merit.

On April 25, 2008, defendant filed a praecipe for argument for May 19, 2008. B.R.C.P. 1034(a)(1) provides that a case may be listed for argument on an argument court date no earlier than 24 days from the date of filing. May 19, 2008 was 24 days after April 25, 2008. The official Berks County Court of Common Pleas Family/Civil Court calendar designated April 25, 2008 as the last day to file a praecipe for argument for argument court on May 19, 2008. Thus, this case was not erroneously listed for argument on May 19, 2008.

B.R.C.P. 1034(a)(4) provides that:

"If the non-moving party does not file an argument brief, the court shall decide the motion based on the record. In doing so, the court may in its discretion hear oral argument from the party that filed the motion for judgment on the pleadings, but not from the non-moving party."

In the case sub judice this court decided the motion based on the record. This court was never notified by any means that defendant's motion for judgment on the pleadings had been deferred by any written agreement

of the parties. Neither an agreement nor a continuance was filed by the parties.

Plaintiff next argues that this court should have entered judgment for him on his cross-motion for judgment on the pleadings. This argument is meritless. Plaintiff's cross-motion for judgment on the pleadings was filed after this court had already granted defendant's motion for judgment on the pleadings. Hence, plaintiff's motion was untimely. Plaintiff did not file a motion for reconsideration of the order granting defendant's motion for judgment on the pleadings.

Plaintiff's penultimate complaint is that this court's use of defendant's subscriber agreement was error because it was not attached to a pleading. This complaint is not meritorious. Defendant maintained that Minnesota courts have jurisdiction over this case and that an integration clause governs this case. This court did not consider the subscriber agreement in determining the validity or invalidity of these provisions.

Exhibit A which is attached to plaintiff's complaint contains the Westlaw bridge amendment. This document is signed by defendant's representative and plaintiff. Paragraph 1 of the document reads in pertinent part:

"This amendment embodies the entire understanding between the parties with respect to the subject matter of this amendment and supersedes any and all prior understandings and agreements, oral or written, relating to the subject matter."

Thus, this provision provides for a complete integration clause and prohibits evidence of any alleged oral

representations made by defendant to plaintiff. This provision was part of the pleadings introduced by plaintiff.

Attached to plaintiff's complaint is the order form that plaintiff and defendant signed. This document addresses forum selection in the general provisions paragraph and reads in pertinent part:

"This order form is subject to approval by West in St. Paul, Minnesota and is governed by Minnesota law. The state and federal courts sitting in Minnesota will have exclusive jurisdiction over any claim arising from or related to this agreement."

Therefore, the forum selection clause was in the exhibit attached to plaintiff's complaint and was correctly considered by this court.

Plaintiff's last complaint is that defendant cannot claim the protection of a merger clause in a contract where the action is for fraud for inducing its execution. This contention is without merit. This court dismissed plaintiff's complaint based on the forum selection provision whereby the parties agreed that the Minnesota courts would have jurisdiction over any claims and the lack of any timely response by plaintiff. If plaintiff files his complaint in Minnesota, he may raise the issue of fraud there.

For the foregoing reasons, this court respectfully submits that plaintiff's appeal should be dismissed.